Dear Representative Ottinger:
This letter is to acknowledge receipt of your request for an opinion from this office which reads as follows:
 Do the teachers as well as nonteachers have the right to vote jointly for the election of their four trustees? Or, should the teachers vote for their two trustees and the nonteachers for their two trustees. In other words, should their elections be held separately?
In your opinion request, you indicate that at the present time when an election for a trustee of the Public School Retirement System of the City of St. Louis occurs, both teachers and nonteachers who are active members of the Retirement System vote for said trustee. In this regard, you indicate that some of the members feel that this is not in accordance with subsection 2 of § 169.450 RSMo 1978 and that they believe that only teachers should vote for the two teacher trustees and only nonteachers should vote for the two nonteacher trustees.
In connection with the above, § 169.450 RSMo 1978 provides for the election of trustees of the Public School Retirement System of St. Louis. Subsection 2 of § 169.450 supra reads as follows:
 (2) Four trustees to be elected for terms of four years by and from the active members of the retirement system who shall hold office as trustees only while active members; provided, however, that the terms of office of the first four members so elected shall begin immediately upon their election and shall expire one, two, three and four years from the date the retirement system becomes operative respectively; and provided further, that not more than two of such persons shall be teachers and two shall be nonteachers; . . . .
It should be noted that the term "active member" is defined in subsection 14a of § 169.410 RSMo 1978 as "a member who is an employee." Further, the term "employee" is defined in subsection 12 of § 169.410 RSMo 1978 as "any person regularly employed by the board of education or by the board of trustees. In case of doubt as to whether any person is an employee, the decision of the employing board shall be final and conclusive." Therefore, upon due consideration, it is our view that the provisions of subsection 2 of § 169.450 supra relating to the election of trustees are plain and unambiguous and that teachers as well as nonteachers have the right to vote for the election of trustees and that separate elections are not required.
In conclusion, it is our opinion that teachers as well as nonteachers have the right to vote for the election of trustees under the provisions of subsection 2 of § 169.450 RSMo 1978 and that separate elections are not required at which only teachers would vote for the two teacher trustees and only nonteachers would vote for the two nonteacher trustees.
Very truly yours,
 JOHN ASHCROFT Attorney General